UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ANTHONY RUGGIERO,

                Plaintiff,

                                          **DECISION AND ORDER**
      v.                                      14-CV-307-A(F)

WESLEY K. CANFIELD, M.D., Medical Director,
Southport Correctional Facility, BENJAMN A. OAKES,
Physician Assistant, Southport Correctional Facility,
JEREMY CLEMENT, Registered Nurse, Southport
Correctional Facility, THOMAS GRIFFIN, Superintendent,
Southport Correctional Facility, DANIEL J. CHAPMAN,
Correction Sergeant, SHAWN D. PIERSON, Correction
Officer, LOUIS E. TILLINGHAST, Correction Officer,
THOMAS LaVALLEY, Superintendent, Clinton Correctional
Facility, KANG MAENG LEE, M.D., Clinton Correctional
Facility, VONDA JOHNSON, CARL J. KOENIGSMANN,
Deputy Commissioner/Chief Medical Officer, NYSDOCCS,
DAVID DINELLO, TIMOTHY WHALEN, E. CLARKE, M.D.
General Surgeon, and DR. JONATHAN S. STRENIO,

                Defendants.

This action was referred to Magistrate Judge Leslie G. Foschio, pursuant to 28 U.S.C. § 636(b)(1). On March 23, 2017, Judge Foschio filed a Report and Recommendation (Dkt. No. 53) recommending that the motions to dismiss for lack of jurisdiction that were filed by Defendant Clarke (Dkt. No. 13) and Defendant Strenio (Dkt. No. 43) be granted, and that the motion to dismiss for failure to state a claim filed by Defendants Canfield, Oakes, Clement, Griffin, Chapman, Pierson, Tillinghast, LaValley, Lee, Johnson, Koenigsmann, Dinello, and Whalen (Dkt. No. 19) be

granted in part and denied in part.

On April 3, 2017, the Plaintiff filed objections to the Report and Recommendation (Dkt. No. 54). Defendants filed a response on April 19, 2017 (Dkt. Nos. 57 and 58). The matter was deemed submitted.

The Plaintiff lodges a "general objection" to Judge Foschio's recommendation that Defendants Koenigsmann, Griffin, LaValley, Whalen, Dinello, Lee, and Strenio be dismissed. Dkt. No. 54 at 1. This objection does not comply with Local Rule of Civil Procedure 72(b), which requires that objections "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection," and which further requires that objections "be supported by legal authority." The Court therefore reviews for clear error Judge Foschio's recommendations to dismiss Defendants Koenigsmann, Griffin, LaValley, Whalen, Dinello, Lee, and Strenio, as well as the other Defendants Judge Foschio recommended dismissing, i.e., Defendants Johnson, Chapman, Pierson, and Tillinghast. *See Mineweaser v. City of North Townawanda*, 2016 WL 3279574, at *2 (W.D.N.Y. June 15, 2016) ("Failure to object to a magistrate judge's report and recommendation (or, as in this case, failure to comply with Local Rule 72) means that the Court reviews [the magistrate judge's] Report and Recommendation for clear error.") After review of the entire record, the Court finds no clear error in Judge Foschio's recommendation to dismiss Defendants Koenigsmann, Griffin, LaValley, Whalen, Dinello, Lee, Strenio, Johnson, Chapman, Pierson, and Tillinghast.

Pursuant to 28 U.S.C. §636(b)(1), this Court must make a *de novo*

determination of those portions of the Report and Recommendation to which objections have been made. The Plaintiff makes a specific objection to Judge Foschio's recommendation to dismiss Defendant Clarke. Upon *de novo* review, the Court adopts Magistrate Judge Foschio's conclusions as to Defendant Clarke. Specifically, the Court agrees with Judge Foschio that the Plaintiff's claims against Defendant Clarke (as well as those against Defendant Strenio) do not "derive from a common nucleus of operative fact" and, thus, that the Court does not have supplemental jurisdiction over claims against Defendants Clarke and Strenio. *Achtman v. Kirby, McInerney & Squire*, 464 F.3d 328, 335 (2d Cir. 2006).

Thus, for the reasons set forth in Judge Foschio's Report and Recommendation, the Plaintiff's claims against the following Defendants are dismissed: Defendants Koenigsmann, Griffin, LaValley, Whalen, Dinello, Lee, Strenio, Clarke, Johnson, Chapman, Pierson, and Tillinghast. Claims against Defendants Clarke and Strenio are dismissed for lack of supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). Claims against Defendants Clarke and Strenio are dismissed without prejudice. *See* 28 U.S.C. § 1367(d). Claims against Defendants Koenigsmann, Griffin, LaValley, Whalen, Dinello, Lee, Johnson, Chapman, Pierson, and Tillinghast are dismissed for the reasons explained in Judge Foschio's Report and Recommendation. For the reasons stated in Judge Foschio's Report and Recommendation, the Plaintiff's claims against Defendants Koenigsmann, Griffin, LaValley, Whalen, Dinello, and Lee are dismissed with prejudice. The Plaintiff's claims against Defendants Tillinghast, Pierson, and Chapman are dismissed without

prejudice.  The Plaintiff may file, within 30 days of the entry of this Decision and Order, an amended complaint re-alleging his Eighth Amended deliberate indifference claims against Defendants Tillinghast, Pierson and Chapman

**IT IS SO ORDERED.**

    ___*Richard J. Arcara*_____
    HONORABLE RICHARD J. ARCARA
    UNITED STATES DISTRICT COURT

Dated:   November 3, 2017