UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANTHONY RUGGIERO,

                                        Plaintiff,

                        v.

WESLEY K. CANFIELD, M.D., Medical Director,
  Southport Correctional Facility,
BENJAMIN A. OAKES, Physician Assistant, Southport
  Correctional Facility, and
JEREMY CLEMENT, Registered Nurse, Southport
  Correctional Facility,
                                        Defendants.

_____

DECISION
and
ORDER

14-CV-00307A(F)

APPEARANCES:    STEVEN WILLIAM KLUTKOWSKI, Esq.
                Attorney for Plaintiff
                DUKE HOLZMAN PHOTIADIS & GRESENS LLP
                701 Seneca Street
                Suite 750
                Buffalo, New York  14210

                LETITIA A. JAMES
                Attorney General, State of New York
                Attorney for Defendants
                JOEL J. TERRAGNOLI
                Assistant Attorney General, of Counsel
                350 Main Street
                Suite 300A
                Buffalo, New York  14202

## JURISDICTION

        This case was referred to the undersigned on March 6, 2015, by Honorable

Richard J. Arcara, for all pretrial matters including preparation of a report and

recommendation on dispositive motions.  The matter is presently before the court on

Plaintiff's motion filed November 23, 2020 (Dkt. 114) for reconsideration in part of the

undersigned's Report and Recommendation filed November 9, 2020 (Dkt. 113).

**BACKGROUND**

On April 24, 2014, Plaintiff Anthony Ruggiero ("Plaintiff" or "Ruggiero"), then

proceeding *pro se*, commenced this civil rights action alleging that while he was housed

in Southport Correctional Facility ("Southport"), in Pine City, New York, and Clinton

Correctional Facility ("Clinton"), in Dannemora, New York, Defendants violated his rights

under the Eighth Amendment by failing to properly treat for two years a lump in his right

axilla (armpit) resulting in permanent nerve damage in his dominant right arm and hand.

On November 7, 2017, the action was discontinued as to numerous Defendants when

District Judge Richard J. Arcara, in a Decision and Order (Dkt. 60), adopted a Report

and Recommendation filed by the undersigned on May 23, 2016, recommending

motions to dismiss be granted.  The remaining Defendants to this action are New York

State Department of Corrections and Community Supervision ("DOCCS") employees

including Southport Medical Director Wesley K. Canfield, M.D., ("Dr. Canfield"),

Southport Physician Assistant Benjamin A. Oakes ("PA Oakes"), and Southport

Registered Nurse Jeremy Clement ("RN Clement") (together, "Defendants").  On June

4, 2019, Defendants moved for summary judgment (Dkt. 94) ("Defendants' Motion") on

Plaintiff's claims against the remaining Defendants, and on September 30, 2019,

Plaintiff filed a cross-motion for summary judgment (Dkt. 108) ("Plaintiff's Motion").  In a

Report and Recommendation filed November 9, 2020 (Dkt. 113) ("the R&R"), the

undersigned recommended granting summary judgment in favor of Defendants and

denying Plaintiff's motion for summary judgment.

On November 23, 2020, Plaintiff filed a motion seeking reconsideration of that

portion of the R&R recommending summary judgment in favor of Defendants on

Plaintiff's claims against Dr. Canfield who died on October 1, 2019, with Dr. Canfield's death suggested on the record on October 8, 2019 (Dkt. 109) ("suggestion of death"), but with Plaintiff never moving to substitute Dr. Canfield's estate for Dr. Canfield, nor seeking an extension of time to do so.  R&R at 15-17.  Plaintiff's Motion (Dkt. 114).[1] Plaintiff's Motion is supported by the attached Declaration of Steven W. Klutkowski, Esq. (Dkt. 114-1) ("Klutkowski Declaration"), and Plaintiff's Memorandum of Law in Support of His Motion for Reconsideration of the Dismissal of Defendant Canfield and to Enlarge the Time Limit to Substitute a Party (Dkt. 114-2) ("Plaintiff's Memorandum"). On December 7, 2020, Defendants filed the Memorandum of Law in Opposition to Plaintiff's Request for Reconsideration and/or for an Extension of Time to File a Motion to Substitute a Party (Dkt. 118) ("Defendants' Response"), and the Declaration of Assistant New York Attorney General Joel L. Terragnoli (Dkt. 118-1) ("Terragnoli Declaration").  On December 16, 2020, Plaintiff filed the Reply Declaration of Steven W. Klutkowski, Esq. ("Klutkowski Reply Declaration"), attaching Exhibit A (Dkt. 120-1), and Plaintiff's Reply Memorandum of Law in Further Support of His Motion for Reconsideration of the Dismissal of Defendant Canfield and to Enlarge the Time Limit to Substitute a Party (Dkt. 120-2) ("Plaintiff's Reply").  Oral argument was deemed unnecessary.

Based on the following, Plaintiff's Motion is DENIED.


## DISCUSSION

As stated, according to the Suggestion of Death filed by Defendants pursuant to Fed.R.Civ.P. 25 ("Rule 25(a)") (Dkt. 109), Defendant Dr. Canfield died on October 1,

---

[1] Plaintiff also filed on November 23, 2020 objections to the R&R (Dkt. 115), which remain pending.

2019, a fact Plaintiff does not dispute.  Defendants argued in support of summary judgment that Dr. Canfield's death during the pendency of the Defendants' Motion required the action be discontinued as against Dr. Canfield, while Plaintiff advised he intended to move pursuant to Rule 25(a)(1) to substitute the Estate of Dr. Canfield as a Defendant in place of Dr. Canfield, but did not, and the time to do so is long-expired.

"The Federal Rules of Civil Procedure do not recognize a motion for 'reconsideration.'" *Mikulec v. Town of Cheektowaga*, 302 F.R.D. 25, 28 (W.D.N.Y. 2014) (citing cases).  As such, a motion for reconsideration "may be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b)."[2]  *Id.*  Here, because Plaintiff is requesting reconsideration of the R&R (Dkt. 113), rather than to alter or amend a judgment, Plaintiff's Motion is construed as seeking reconsideration under Rule 60(b) which provides for relief "from a final judgment, order, or proceeding. . . ." *See Davis v. 2192 Niagara Street, LLC*, 2016 WL 6122450, at * 2 (W.D.N.Y. Oct. 20, 2016) (reconsidering report and recommendation under Rule 60(b) (citing *Mikulec*, 302 F.R.D. at 28)).  "The standard for granting a [reconsideration motion] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  "'The decision whether to grant a party's Rule 60(b) motion is committed to the sound discretion of the district court....'"  *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (internal quotation marks and citation omitted).  "A motion for reconsideration should be granted only when the defendant identifies 'an intervening change of controlling law, the availability of new evidence, or the need to

---

[2] Fed.R.Civ.P 60(b) specifically provides for relief from "a final judgment, order, or proceeding."

correct a clear error or prevent manifest injustice.'"  *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).  "These criteria are strictly construed against the moving party so as to avoid repetitive arguments on issues that have been considered fully by the court," *Mikulec*, 302 F.R.D. at 28, because a motion for reconsideration is not a vehicle for "taking a 'second bit at the apple.'"  *Rafter v. Liddle*, 288 Fed.Appx. 768, 769 (2d Cir. Aug. 13, 2008) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998) (citing cases)). Nor will the court consider facts not in the record to be facts "overlooked" by the court.  *Rafter*, 288 Fed.Appx. at 769.  In the instant case, Plaintiff's motion must be DENIED because Plaintiff has failed to identify any "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice" to support altering the court's recommendation that the claim be dismissed as against Dr. Canfield based on his death and Plaintiff's failure to timely move to substitute Dr. Canfield's estate as Defendant.

As the undersigned found, Plaintiff's § 1983 claim survived Dr. Canfield's death and could be asserted against the representative of Dr. Canfield's estate.  R&R at 16 (citing cases and N.Y. Est. Powers & Trusts Law § 11-3.2(a)(1) (McKinney 1998)). Further, Fed.R.Civ.P. Rule 25 ("Rule 25___"), in relevant part, requires that

> If a party dies and the claim in not extinguished, the court may order substitution of the proper party.  A motion for substitution may be made by any party or by the decedent's successor or representative.  *If the motion is not made within 90 days after the service of a statement noting the death, the action by or against the decedent must be dismissed.*

Fed.R.Civ.P. 25(a)(1) (italics added).

Accordingly, with Defendants suggesting Dr. Canfield's death on the record on October 8, 2019, Plaintiff was required to move by January 6, 2020 to substitute Dr. Canfield's legal representative as Defendant.  Nor did Plaintiff move pursuant to Fed.R.Civ.P. 6(b) ("Rule 6(b)"), to enlarge the time to move for substitution based on an inability or significant difficulty in obtaining the identity of Dr. Canfield's representative.  R&R at 17 (citing cases).  Furthermore, despite recommending the action be dismissed as against Dr. Canfield based on his death, the undersigned, addressing the merits of Plaintiff's claim against Dr. Canfield in the alternative, again recommended the claim be dismissed, undermining Plaintiff's argument, Plaintiff's Memorandum at 7-9, that a refusal to reconsider the recommended dismissal of the claim against Dr. Canfield based on his death would result in manifest injustice.

Nor has Plaintiff demonstrated any excusable neglect supporting Plaintiff's request under Rule 60(b), Plaintiff's Memorandum at 10-12, enlarging the time in which to move to substitute Dr. Canfield's estate representative as Defendant.  The factors relevant to excusable neglect under Rule 60(b) include "(1) the danger of prejudice to the non-movant, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith."  *Padilla v. Maersk Line, Ltd.*, 721 F.3d 77, 83 (2d Cir. 2013).  Here, it cannot be gainsaid that Plaintiff's failure to seek to substitute Dr. Canfield's representative as a Defendant until more than one year after Dr. Canfield's death was suggested on the record, and despite Plaintiff's assertion more than one year ago that such substitution would be pursued, with no explanation for failing to do so other than awaiting the outcome of the opposing

summary judgment motions, Plaintiff's Memorandum at 8-9, does not constitute, under any of the relevant factors, excusable neglect supporting enlarging the time for substitution.  Notably, Plaintiff provides no justification for the excessive length of delay, nor denies that it was within his control to make a timely request pursuant to Rule 25(a).

Plaintiff further argues there is caselaw providing that Rule 25(a)(1) does not mandate the dismissal of an action as to the deceased party in the absence of a timely motion for substitution, and such discretion to enlarge the time for substitution requires the party seeking substitution establish the failure to timely move is attributable to "excusable neglect" under Fed.R.Civ.P. 6(b) ("Rule 6(b)").  Plaintiff's Memorandum at 10-12 (citing *Kernisant v. City of New York*, 225 F.R.D. 422, 425-26 (E.D.N.Y. 2005)). Rule 6(b), however, to the contrary specifically provides "a court must not extend the time to act under Rule[ ] . . . 60(b)."  Fed.R.Civ.P. 6(b)(2).  Accordingly, even if Plaintiff could fairly attribute his failure to timely act to excusable neglect under Rule 6(b), it would not save his claim against Dr. Canfield or his estate.

## CONCLUSION

Based on the foregoing, Plaintiff's Motion (Dkt. 114) is DENIED.

SO ORDERED.

*Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:     December 22nd, 2020
               Buffalo, New York

7